UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| LATRINA COX, on behalf of herself and others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>R&B CORPORATION OF VIRGINIA, d/b/a CREDIT CONTROL CORPORATION,<br><br>              Defendant. | Civil Action No.: 4:21cv67<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**NATURE OF ACTION**

1. Latrina Cox ("Plaintiff") brings this class action against R&B Corporation of Virginia, d/b/a Credit Control Corporation ("Credit Control") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
>                                       \*\*\*\*\*
>
> (iii)     to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, Credit Control routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone

1

numbers by using an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice, without the prior express consent of the consumers, in that Credit Control repeatedly places calls and delivers prerecorded voice messages to wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014) (explaining that only the current subscriber to a cellular telephone number can provide valid consent to receive calls made by an automatic telephone dialing system ("ATDS")); *accord Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020) ("The principal question in this case is whether Credit One can escape liability under the TCPA because the party it intended to call (its customer) had given consent to be called, even though the party it actually called had not. Consistent with every circuit to have addressed this issue, we hold that this argument fails under the TCPA's text, most naturally read.").

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Credit Control resides in this District, and where a substantial part of the events giving rise to this action occurred in this District.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Las Vegas, Nevada.

7. Credit Control is a debt collection company with principal offices located in Newport News, Virginia.

8. With 60 years of experience, Credit Control touts itself as "the partner of choice specializing in healthcare, utility, and commercial collections."[1]

9. Credit Control handles more than 500,000 annual account placements from the utility sector.[2]

10. As part of its collection efforts, Credit Control utilizes "dual-source, real-time skip tracing" to obtain addresses and telephone numbers.[3]

11. Credit Control also uses an "automated dialer" in "three different modalities: predictive, preview, and agentless."[4]

12. In addition, Credit Control utilizes "direct-drop voicemail solutions,"[5] which allow Credit Control to deliver voice messages directly to a telephone's voice mail without causing the telephone to ring.

### Factual Allegations

13. In an attempt to collect an alleged debt, Credit Control placed multiple calls to telephone number (725) XXX-8310 in 2021.

14. At all relevant times, telephone number (725) XXX-8310 was assigned to a cellular telephone service.

15. At all relevant times, Plaintiff was the subscriber and customary user of cellular telephone number (725) XXX-8310.

---

[1] https://creditcontrol.net/about-us/ (last visited May 28, 2021).
[2] https://creditcontrol.net/cable-solutions/ (last visited May 28, 2021).
[3] https://creditcontrol.net/cable-solutions/ (last visited May 28, 2021).
[4] https://creditcontrol.net/cable-solutions/ (last visited May 28, 2021).
[5] https://creditcontrol.net/cable-solutions/ (last visited May 28, 2021).

16. Credit Control began placing calls and delivering artificial or prerecorded voice messages to Plaintiff's cellular telephone number in or around March 2021, and the calls and prerecorded voice messages continued through at least April 2021.

17. Credit Control called telephone number (725) XXX-8310 on March 23, 2021.

18. Credit Control called telephone number (725) XXX-8310 on April 13, 2021.

19. In connection with its calls to Plaintiff's cellular telephone number, Credit Control also delivered a least one prerecorded voice message to Plaintiff's cellular telephone voice mail.

20. By way of example, one of the prerecorded voice messages that Credit Control delivered to Plaintiff's cellular telephone voice mail in 2021 stated:

> We have an important message from Credit Control Corporation. This is a message from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for this purpose. Please call 757-873-2737.

21. Upon information and good faith belief, Credit Control's records will identify each call it placed to Plaintiff's cellular telephone number.

22. Upon information and good faith belief, Credit Control's records will identify each prerecorded voice message it delivered to Plaintiff's cellular telephone.

23. Credit Control placed calls to Plaintiff's cellular telephone number from telephone number (757) 873-2737, a number assigned to Credit Control.

24. When dialed, telephone number (757) 873-2737 plays a prerecorded voice message greeting that begins: "You have reached Credit Control Corporation. . . ."

25. Credit Control placed each of its calls to Plaintiff's cellular telephone number in an effort to contact and collect a debt allegedly owed by a third party.

26. Plaintiff spoke with a representative for Credit Control, who informed Plaintiff that Credit Control was attempting to reach Plaintiff's adult son.

27.     Plaintiff's adult son does not live with her, and is not on her telephone plan.

28.     Plaintiff's adult son does not have authority to provide consent to have automated and prerecorded voice calls placed to her cellular telephone number.

29.     Plaintiff's adult son did not provide consent to Credit Control to place automated and prerecorded voice calls to Plaintiff's cellular telephone number.

30.     Upon information and good faith belief, and in light of the character and nature of the calls, including Credit Control's use of an artificial or prerecorded voice and its public representations about its dialing capabilities, Credit Control used an ATDS, as defined by 47 U.S.C. § 227(a)(1), to place its calls to Plaintiff's cellular telephone number.

31.     Credit Control utilizes a predictive dialer to place outbound collections calls.

32.     A predictive dialer is a type of ATDS that has the capacity to store telephone numbers to be called, using a random or sequential number generator.

33.     Upon information and good faith belief, Credit Control uploads telephone numbers to be called to its dialer, which stores the numbers to be called and automatically dials the numbers based on the availability of Credit Control's customer service representatives to field connected calls.

34.     Upon information and good faith belief, Credit Control's dialer has the capacity to use a random or sequential number generator as part of its functionality to determine the order of telephone numbers to be called from a list.

35.     Upon information and good faith belief, Credit Control used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

36.     Plaintiff did not provide Credit Control with prior express consent to place any calls to her cellular telephone number.

37. Plaintiff did not provide Credit Control with prior express consent to deliver artificial or prerecorded voice messages to her cellular telephone.

38. Plaintiff does not, and never did have, any business relationship with Credit Control.

39. Plaintiff does not, and never did, owe money to Credit Control.

40. Plaintiff is not, and was not, responsible for the debt about which Credit Control placed its calls, and delivered its prerecorded voice messages, to her cellular telephone number.

41. Credit Control did not place its calls or deliver its prerecorded voice messages to Plaintiff's cellular telephone number in an effort to reach Plaintiff.

42. Credit Control did not place any calls or deliver any prerecorded voice messages to Plaintiff's cellular telephone number for emergency purposes.

43. Credit Control placed its calls and delivered its prerecorded voice messages to Plaintiff's cellular telephone number under its own free will.

44. Upon information and good faith belief, Credit Control had knowledge that it was using an ATDS to place its calls to Plaintiff's cellular telephone number.

45. Credit Control had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed and messages it delivered to Plaintiff's cellular telephone number.

46. Plaintiff suffered actual harm as a result Credit Control's calls and prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, a private nuisance, and was forced to spend time attempting to get Credit Control's calls and prerecorded voice messages to stop.

47. Upon information and good faith belief, Credit Control, as a matter of pattern and practice, uses an ATDS, and an artificial or prerecorded voice, to place calls and deliver messages, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

48. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and two classes of similarly situated individuals as defined below:

> **ATDS Class**: All persons and entities throughout the United States (1) to whom R&B Corporation of Virginia, d/b/a Credit Control Corporation placed, or caused to be placed, at least one call (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system, (4) from four years prior to the filing of this complaint through and including the date of class certification, (5) where the called party did not have an account with R&B Corporation of Virginia, d/b/a Credit Control Corporation.
>
> **Prerecorded Voice Class**: All persons and entities throughout the United States (1) to whom R&B Corporation of Virginia, d/b/a Credit Control Corporation placed, or caused to be placed, at least one call (2) directed to a number assigned to a cellular telephone service, by (3) using an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through and including the date of class certification, (5) where the called party did not have an account with R&B Corporation of Virginia, d/b/a Credit Control Corporation.

Excluded from the classes are Credit Control, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Credit Control has or had a controlling interest.

49. The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

50. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

51. The proposed classes are ascertainable because they are defined by reference to objective criteria.

52. In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Credit Control and third parties, including class members.

53. Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of Credit Control, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

54. Like all members of the proposed ATDS Class, Plaintiff received telephone calls from Credit Control using an ATDS, without her consent, in violation of 47 U.S.C. § 227.

55. Like all members of the proposed Prerecorded Voice Class, Plaintiff received artificial or prerecorded voice messages from Credit Control, without her consent, in violation of 47 U.S.C. § 227.

56. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

57. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

59. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

60. There will be little difficulty in the management of this action as a class action.

61. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Credit Control has acted on grounds generally applicable to the classes.

62. Among the issues of law and fact common to the classes are:

   a) Credit Control's violations of the TCPA as alleged in this class action complaint;

   b) Credit Control's use of an ATDS as defined by the TCPA (ATDS Class);

   c) Credit Control's use of artificial or prerecorded voice messages (Prerecorded Voice Class);

   d) Credit Control's practice of placing calls to wrong or reassigned cellular telephone numbers;

   e) Credit Control's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers (Prerecorded Voice Class); and

   f) the availability of statutory damages.

63. Absent a class action, Credit Control's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the ATDS Class

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. Credit Control violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an ATDS to place telephone calls to Plaintiff's cellular telephone number, without her consent.

66. As a result of Credit Control's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the ATDS class are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the Prerecorded Voice Class

67. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

68. Credit Control violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

69. As a result of Credit Control's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Prerecorded Voice Class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Credit Control violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Credit Control from continuing to place calls to Plaintiff's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an ATDS or an artificial or prerecorded voice without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the classes statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

### Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

DATED: May 28, 2021                                     Respectfully submitted,


*/s/ Dale Pittman*
Dale W. Pittman (VSB #15673)
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-600) (Phone)
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Michael L. Greenwald*
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the proposed classes*

*To seek admission *pro hac vice*

11